WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Keith,<br><br>            Plaintiff,<br><br>v.<br><br>Sally Jewell, Secretary of the U.S. Department of the Interior,<br><br>           Defendant. | No. CV-14-08082-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment by Defendant Sally Jewell. (Doc. 33.) For the following reasons, the Court grants the motion.

**BACKGROUND**

Plaintiff Benjamin Keith, a 54 year old contract employee with the Bureau of Indian Education, was employed as a Facility Manager at the Kaibeto Boarding School. The school principal, Phyllis Newell-Yazzie, detailed him to the positions of Residential Assistant and Security Guard and then ultimately chose not to renew his annual employment contract. Keith brings the present suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.

**DISCUSSION**

**I.	Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the

1  evidence "in a light most favorable to the non-moving party." *Warren v. City of*
2  *Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995).  "[A] party seeking summary judgment
3  always bears the initial responsibility of informing the district court of the basis for its
4  motion, and identifying those portions of [the record] which it believes demonstrate the
5  absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
6  (1986).  The party opposing summary judgment "may not rest upon the mere allegations
7  or denials of [the party's] pleadings, but . . . must set forth specific facts showing that
8  there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co.*
9  *v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint*
10 *Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).  Substantive law determines which facts are
11 material, and "[o]nly disputes over facts that might affect the outcome of the suit under
12 the governing law will properly preclude the entry of summary judgment." *Anderson v.*
13 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A fact issue is genuine 'if the evidence is
14 such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v.*
15 *Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S.
16 at 248).

17 **II.     Analysis**

18         "The ADEA makes it unlawful 'to discharge any individual . . . because of such
19 individual's age.'"  *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.
20 2008) (quoting 29 U.S.C. § 623(a)(1)).  ADEA claims based on circumstantial evidence
21 of discrimination are evaluated pursuant to the three-stage burden-shifting framework
22 outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Diaz*, 521 F.3d at
23 1207.  "Under this framework, the employee must first establish a prima facie case of age
24 discrimination."  *Id.*   If a prima facie case is established, "the burden shifts to the
25 employer to articulate a legitimate, non-discriminatory reason for its adverse employment
26 action."  *Id.*  The burden then shifts back to the employee who must "prove that the
27 reason advanced by the employer constitutes mere pretext for unlawful discrimination."
28 *Id.*  "As a general matter, the plaintiff in an employment discrimination action need

1  produce very little evidence in order to overcome an employer's motion for summary
2  judgment." *Id.* (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1124
3  (9th Cir. 2000)).

4  To establish a prima facie case of disparate treatment, a plaintiff must demonstrate that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Id.*

Here, Keith "failed to create a triable issue concerning whether his job performance was satisfactory."[1] *See id.* at 1208. Defendant had produced evidence of various failures to perform important job functions, often with serious repercussions. (Doc. 34 at ¶ 19-26.) Keith's only attempt to "set forth specific facts showing that there is a genuine issue for trial," as is required by Rule 56(e), is to state that Keith "denies in whole or in part . . . nearly half of all facts contained within Defendant's Motion for Summary Judgment," listing all of the disputed facts by number, without comment or discussion. (Doc. 37 at 1-2.) Keith's only evidence is Keith's declaration, submitted in tandem with his statement of facts and mirroring the statement of facts almost verbatim. (Doc. 38-1.) This is wholly insufficient. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990) ("Rule 56(e) provides that judgment 'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.' The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Moreover, Keith purports to "deny" Defendant's various facts regarding his failures to perform his job functions, but he explicitly or implicitly concedes that the job

---

[1] In reality, Plaintiff failed to create any triable issues at all. He merely issued a cursory denial of many of the facts alleged from the record by the Defendant. This is wholly insufficient to defeat summary judgment. "The non-moving party must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). Defendant has failed to do so here.

- 3 -

1 functions were not performed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

Defendant produced evidence that in October 2010, Principal Yazzie generated a work order to cut down protruding bed frames that had sharp edges in a girls' dormitory. (Doc. 34 at ¶ 19.)  Some of the bed frames were cut down but others were not.  (*Id.*) Keith conceded that he checked only "a portion of the bed rails" and that he "decided that because all of the bed rails checked thus far were correct, it was not necessary to check each and every bed rail." (Doc. 38 at ¶ 19.)

Keith does not dispute that he "failed to repair or have his staff repair a water leak in the laundry room of a housing unit, which resulted in the growth of black mold in the staff's living quarters, which had to be abandoned after staff members grew ill from breathing toxic mold spores," nor that he "admitted he did not inspect the repair or fill out a work order to inspect for mold," nor that Principal Yazzie reported that he was "smiling" during their discussion of this issue, such that she "asked him if he was taking this situation seriously." (Doc. 34 at ¶ 21; Doc. 38 at ¶ 21.)

Defendant produced evidence that Keith was asked to repair windows that would not lock properly at the assistant principal's apartment, that Keith represented that the windows had been repaired, and that the assistant principal discovered soon after that the windows had not been repaired. (Doc. 34 at ¶ 22.)  Keith implicitly conceded as much, responding only with the excuse that "[a] part needed to be ordered," and explicitly conceded that he did not check all the windows in the apartment "because they were too high to reach." (Doc. 38 at ¶ 22; Doc. 34 at ¶ 22.)

Defendant produced evidence that beginning in the fall of 2010, Principal Yazzie repeatedly asked Keith to install a security system and that Keith did not begin the installation until December 2011. (Doc. 34 at ¶ 24.)  Moreover, when Keith finally began the installation, he discovered that a DVR (one of the components of the security system)

1  was missing, but he failed to file a police report and acknowledged that he should have
2  done so. (*Id.*)  Keith conceded as much, responding only that he "did not believe it was
3  necessary" to inventory the DVR because it was valued under $5000. (Doc. 38 at ¶ 24;
4  Doc. 38-1 at ¶ 24.)

5  Defendant produced evidence that equipment—a chainsaw and a welder—went
6  missing during the time Keith was the Facility Manager and that Keith admitted he had
7  not performed an inventory of equipment since his second year on the job. (Doc. 34 at ¶
8  25.)  Keith responded that the chainsaw was stolen and the welding machine was
9  recovered, but he implicitly conceded that the items went missing and that he failed to
10 inventory the equipment. (Doc. 38 at ¶ 25.)

11 Moreover, Keith conceded that he was given warnings regarding his unsatisfactory
12 job performance. Keith admits that Principal Yazzie met with him on various occasions
13 to tell him what he was doing wrong and further admits that Lemuel Adson, a second line
14 supervisor of Keith also spoke to him about his problematic job performance. (Doc. 38 at
15 ¶ 7-8.) Keith also admits to receiving a letter of reprimand which addressed his failure to
16 follow instructions and perform his duties. (*Id.* at ¶ 10.)

17 When an employee repeatedly violates the reasonable orders of his supervisors
18 and continues to do so even after receiving warnings, no reasonable jury could find the
19 job performance to be satisfactory. *See Diaz*, 521 F.3d at 1208.  As such, Keith fails to
20 establish a prima facie case of discrimination. Therefore, the Court need not address the
21 remainder of the *McDonnell Douglas* analysis. *Id.*

## CONCLUSION

Keith fails to establish a prima facie case of discrimination.

/ / /
/ / /
/ / /
/ / /
/ / /

1    **IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by
2 Defendant Sally Jewell (Doc. 33) is **GRANTED**.  The Clerk of Court is directed to enter
3 judgment accordingly.

    Dated this 29th day of June, 2016.

_G. Murray Snow_
Honorable G. Murray Snow
United States District Judge